# United States District Court
**for**
## The District of Rhode Island

## Petition for Warrant for Offender Under Supervision

October 6, 2006

**Name of Offender:** Joseph Smith **Case Number:** 1:91CR00101-01

**Name of Sentencing Judicial Officer:** Honorable Raymond Pettine, Senior U.S. District Judge

**Assigned Judicial Officer:** Honorable Mary M. Lisi, U.S. District Judge

**Date of Original Sentence:** May 14, 1992

**Original Offense:** Possession of a Firearm by a Convicted Felon, in violation of Title 18, U.S.C., Section 922(g)(1), a Class A Felony.

**Original Sentence:** 15 years imprisonment and 3 years supervised release. A $50 special assessment was imposed. On December 3, 2004, the defendant's special conditions of supervised released were modified to include an in-patient or out-patient substance abuse treatment program as approved by the United States Probation Department, which program may include testing.

**Type of Supervision:** Supervised Release **Date Supervision Commenced:** November 12, 2004

**Assistant U.S. Attorney:** Zechariah Chafee **Defense Attorney:** Edward C. Roy

---

**PETITIONING THE COURT**

☒ To issue a **Warrant**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Condition Violated | Nature of Noncompliance |
|---|---|
| Standard Condition | **"While on supervision, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance."**<br><br>On August 10, 2006, Mr. Smith committed the offenses of Possession with Intent to Deliver Cocaine, Possession with Intent to Deliver Marijuana, and Driving without a License as evidenced by his arrest by the Providence Police Department on that day. |

**Condition # 2** **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."**

Mr. Smith has failed to submit supervision report forms for the months of July, August, and September 2006 which were due August 5th, September 5th, and October 5th, 2006, respectively.

**Condition # 3** **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

Mr. Smith failed to follow the probation officer's instructions by not reporting to the United States Probation Office on August 28, 2006 and September 13, 2006 as instructed on August 25, 2006 and September 8, 2006.

**Condition # 11** **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**

On August 10, 2006, Mr. Smith was arrested by members of the Providence Police Department and charged with Possession with Intent to Deliver Cocaine, Possession with Intent to Deliver Marijuana, and Driving without a License. To this date, he has failed to notify the United States Probation Department of this arrest.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that the Court issue a Warrant so that the defendant can appear and answer to the alleged violations.

Reviewed and Approved by:

[signature]

Kurt E. O'Sullivan
Supervising U.S. Probation Officer

Date: 10/6/06

I declare under the penalty of perjury that the foregoing is true and correct:

[signature]

Clara M. King
U.S. Probation Officer

Date: 10/6/06

**The Court Orders**

☐ No Action
☑ The Issuance of a Warrant
☐ The Issuance of a Summons
☐ Other

Mary M. Lisi

Honorable Mary M. Lisi
U.S. District Judge

October 10, 2006
Date

# United States District Court

for

## The District of Rhode Island

October 6, 2006

| | | | |
|---|---|---|---|
| **Offender:** | Joseph Smith | **Case No.:** | 1:91CR00101-01 |
| **Sentence Date:** | May 14, 1992 | **Expiration Date:** | November 11, 2007 |
| **Assigned Judge:** | Honorable Mary M. Lisi | | |
| **AUSA:** | Zechariah Chafee | **Defense Counsel:** | Edward C. Roy |

---

**SUPERVISED RELEASE VIOLATION REPORT**

1. Should the Court find that the defendant has committed the alleged violations, this report is submitted to provide the Court with information it will need to render an appropriate disposition.

**Part A. Original Offense**

2. On May 14, 1992, Mr. Joseph Smith appeared before the Honorable Raymond J. Pettine, Senior U.S. District Judge, following a guilty verdict to Possession of a Firearm by a Convicted Felon, in violation of Title 18, U.S.C., Section 922(g)(1), a Class A Felony. He was sentenced to 15 years imprisonment and 3 years supervised release. A $50 special assessment was imposed. On December 3, 2004, the defendant's special conditions of supervised released were modified to include an in-patient or out-patient substance abuse treatment program as approved by the United States Probation Department, which program may include testing.

3. Supervised release commenced on November 12, 2004 with an expiration date of November 11, 2007.

**Part B. Nature of Non-compliance**

4. **Standard Condition**

**"While on probation, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance."**

On August 10, 2006, Mr. Smith committed the offenses of Possession with Intent to Deliver Cocaine, Possession with Intent to Deliver Marijuana, and Driving without a License as evidenced by his arrest by the Providence Police Department on that day.

As to this violation, according to the police report, Mr. Smith was observed driving a SUV Chevrolet with its right turn signal on and he turned left. The vehicle was pulled over and the police observed a female operator, later identified as Kendra Gomes, in the driver's seat. When questioned, Mr. Smith admitted to the police that he had been driving the vehicle and that he did not have a driver's license. He was taken into custody after a brief struggle. While in the police vehicle, Mr. Smith was moving around in the rear seat and complained that his

handcuffs were too tight. The police then found cocaine and marijuana in the back seat where Mr. Smith had been sitting. On August 10, 2006, he appeared in Sixth Division District Court for arraignment and was ordered held on bail in the amount of $5,000.00 with surety. On that same date, he was released on bail after paying a bondsman $250.00. His case was continued to October 12, 2006 for a pre-trial conference.

5. **Condition # 2** **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."**

Mr. Smith has failed to submit supervision report forms for the months of July, August, and September 2006 which were due August 5th, September 5th, and October 5th, 2006, respectively.

As to this violation, Mr. Smith has failed to submit his supervision report forms for July 2006, August 2006, and September 2006 as required.

6. **Condition # 3** **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

Mr. Smith failed to follow the probation officer's instructions by not reporting to the United States Probation Office on August 28, 2006 and September 13, 2006 as instructed on August 25, 2006 and September 8, 2006.

As to this violation, Mr. Smith has failed to contact the United States Probation Department as instructed. On August 25, 2006, United States Probation Officer Clara King telephonically instructed Mr. Smith to report to the United States Probation Department on August 28, 2006 at 11:00 am. He failed to do so. On September 8, 2006, a registered letter was mailed to Mr. Smith at his address of 78 Ford Street, Second Floor, Providence, Rhode Island with instructions to report to the United States Probation Office on September 13, 2006 at 10:00 am. Mr. Smith failed to report as instructed.

7. **Condition # 11** **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**

On August 10, 2006, Mr. Smith was arrested by members of the Providence Police Department and charged with Possession with Intent to Deliver Cocaine, Possession with Intent to Deliver Marijuana, and Driving without a License. To this date, he has failed to notify the United States Probation Department of this arrest.

As to this violation, Mr. Smith has failed to notify the United States Probation Department of his arrest by Providence Police on August 10, 2006. Records show that on August 10, 2006, he was released on bail from Sixth Division District Court to the community after his arraignment for Possession with Intent to Deliver Cocaine, Possession with Intent to Deliver Marijuana, and Driving without a License. To this date, he has failed to notify the United States Probation Department of this arrest.

**Part C. Sentencing Options**

8. **Maximum Term of Imprisonment:** Pursuant to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of

supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or A misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above stated maximums to arrive at the current remaining statutory maximum sentence.

**In this case, the defendant was on supervision for a Class A Felony. Therefore, he may not be required to serve more than 5 years imprisonment upon revocation.**

9. **Extension of Supervised Release:** Pursuant to 18 U.S.C. § 3583(e)(2), if the Court finds that the defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed.

**In this case, the maximum term of supervised release is 5 years. A term of 3 years has already been imposed. Therefore, supervised release can be extended for up to 2 years, resulting in a total of 5 years.**

10. **Classification of Violations:** Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon a finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision.

**In this case, the defendant has committed a Grade A violation. Therefore, the Court shall revoke supervision.**

11. **Unsatisfied Conditions:** Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.

12. **Criminal History:** Pursuant to § 7B1.4(a), the criminal history category is the category applicable at the time the defendant was originally sentenced.

**In this instance, the defendant had a criminal history category of V at the time of sentencing.**

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.

**In this case, the defendant committed a Grade A Violation and has a Criminal History Category of V. Therefore, the applicable range of imprisonment for this violation is 46 to 57 months.**

13. **Satisfying the Term of Imprisonment:** Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

**Neither provision applies to this matter.**

14. **Supervised Release Following Imprisonment:** Pursuant to 18 U.S.C. § 3583(h), and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

**In this case, the authorized statutory maximum term of supervised release is 5 years.**

**There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.**

15. Pursuant to § 7B1.5(b), upon revocation of supervised release, no credit shall be given (toward any term of imprisonment ordered) for time previously served on post-release supervision.

**Part D. Personal History Update**

16. Mr. Smith, age 42, is single and does not have any children. During the initial year of supervision, he made a poor adjustment to supervision. Specifically, he tested positive for marijuana on two occasions, November 17, 2004, and June 16, 2005. On June 16, 2005, he also tested positive for cocaine. He admitted to the use of marijuana and cocaine, and he expressed remorse for his actions. Reportedly, Mr. Smith had been under

a lot of stress as a result of personal problems, and he reverted to the use of drugs in order to help him cope with them. He was issued verbal and written reprimands, and he was placed in the Color Code Drug Testing Program. He also attended drug treatment on a weekly basis at Providence Community Action in Providence, Rhode Island. He completed substance abuse treatment in December 2006. Mr. Smith resides with his mother, Christiana Smith, and four siblings at 78 Ford Street, Second Floor, Providence, Rhode Island. He is unemployed and he has been unemployed since release to the community. He has applied for Social Security Disability Income due to a bullous emphysema of his right lung. He is not on medication at the present time. He is under the care of Dr. Walter J. Goula of Miriam Hospital, 164 Summit Avenue, Providence, Rhode Island.

**Part E. Release or Detention Pending Disposition**

17. Rule 32.1(a)(6) indicates that the magistrate judge may release or detain a person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or the community rests with the person.

Respectfully submitted,

Clara M. King
U.S. Probation Officer
Date: 10/6/06

Reviewed & Approved:

Kurt E. O'Sullivan
Supervising U.S. Probation Officer
Date: 10/6/06

cc: Zechariah Chafee, AUSA
Edward C. Roy, Defense Counsel